985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PORTAGE GLACIER TOUR COMPANY, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE; Forest Supervisor
Dalton Dulac; Westours Motorcoaches, Inc,
Defendants-Appellees.
PORTAGE GLACIER TOUR COMPANY, Plaintiff-Appellee,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE; Forest Supervisor
Dalton Dulac, Defendants,
and
Westours Motorcoaches, Inc., Defendant-Appellant.
 Nos. 91-35717, 91-35849.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1992.
Decided Jan. 27, 1993.
 
 Appeal from the United States District Court for the District of Alaska, No. CV 89-0306-JTS; James K. Singleton, District Judge, Presiding.
 D.Alaska
 APPEAL DISMISSED, VACATED IN PART AND REMANDED.
 Before: WALLACE, Chief Judge, WRIGHT, and LEAVY, Circuit Judges.
 
 
 1
 This appeal involves an award by the United States Department of Agriculture, Forest Service, of a special use permit to Westours Motorcoaches, Inc. ("Westours") to construct and operate a visitor's interpretive center and a 200-passenger tour boat at Portage Lake, Alaska, where Portage Glacier is located. The appellant, Portage Glacier Tour Company, prepared one of five responses to the Forest Service's Request for Proposals on the Portage Glacier project, but it was eliminated in favor of Westours. The appellees are the Department of Agriculture, Forest Supervisor Dalton DuLac, and Westours. Westours cross-appeals.
 
 
 2
 The only claim now raised by appellant is that the district court erred in failing to hold that Portage Lake is navigable. The Department of Agriculture and Westours contend the appellant has no standing to assert the sole claim raised in its appeal. We must decide this issue at the outset, for under article III of the Constitution, federal courts do not have jurisdiction over a claim unless there is an "actual case or controversy." The standing doctrine is one component of the case or controversy requirement. See, e.g., Scott v. Rosenberg, 702 F.2d 1263, 1267 (9th Cir.1983), cert. denied, 465 U.S. 1078 (1984).
 
 
 3
 "Neither the Administrative Procedure Act, nor any other congressional enactment, can lower the threshold requirements of standing" under article III. Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 488 n. 24 (1982). To demonstrate standing to obtain judicial review of an agency action under section 10 of the Administrative Procedure Act, merely to state that a party has been "adversely affected or aggrieved by agency action within the meaning of the relevant statute" is insufficient. Instead, a party must allege that the agency action caused it "injury in fact." Port of Astoria, Oregon v. Hodel, 595 F.2d 467, 474 (9th Cir.1979). "The requirement that there be an actual or threatened 'injury in fact' is mandated by article III of the Constitution." Id.
 
 
 4
 The test for standing in this circuit is whether "the plaintiffs ... have alleged (a) a particularized injury (b) concretely and demonstrably resulting from defendants' action (c) which injury will be redressed by the remedy sought." Bowker v. Morton, 541 F.2d 1347, 1349 (9th Cir.1976) (NEPA action), cited in Port of Astoria, 595 F.2d at 474. The appellees contend that appellant fails to meet parts (b) and (c) of this test. a. whether Forest Service's action caused the appellant's injury
 
 
 5
 The record reflects that appellant failed because its own application was inadequate, not because Portage Lake was declared non-navigable. Even if Westours were ineligible, the record shows the appellant still would not have received the special use permit. According to the multi-disciplinary review team, the appellant's proposal simply lacked the detail and completeness in responding to the prospectus that the Forest Service desired, and which it received from the first and second-ranked bidders.
 
 
 6
 We have held previously that an applicant for an employment position "need not demonstrate that she would have been hired if the Secretary [of Health and Human Services] had complied with the law." Preston v. Heckler, 734 F.2d 1359, 1365 (9th Cir.1984). The appellant relies on Preston to argue that it has standing.
 
 
 7
 Preston is distinguishable. There, the application of an American Indian for employment as a medical social worker was denied because she did not satisfy the civil service requirements. 734 F.2d at 1363. We concluded that she had standing to sue the Secretary of Health and Human Services for allegedly failing to adopt separate standards for evaluating the employment qualifications of American Indians as required by the Indian Preference Act. The failure to adopt those standards deprived the plaintiff of a "fair opportunity" to be evaluated for employment because it was unknown whether she would be eligible to compete had the standards been adopted. Id. at 1365-66. The issue of redressability was given only cursory treatment because it was not necessary under the circumstances of the case. See Fernandez v. Brock, 840 F.2d 622, 627 (9th Cir.1988).
 
 
 8
 The appellant is not alleging it was ineligible to compete or that the process of evaluating the applicants for the special use permit was not fair in any way other than the navigability determination, so as to preclude it from consideration. Unlike the situation in Preston, the appellant here was unquestionably eligible to compete, but after doing so, its application was found inadequate. Further, as discussed below, the requirement of redressability cannot be met. Cf. Fernandez, 840 F.2d at 627-28 (where chain of causation is attenuated and it is speculative whether the relief requested will remedy the alleged wrong, Preston may not be relied upon to support standing). (b) whether the injury will be redressed by the remedy sought
 
 
 9
 The appellant states "it is not necessary when showing the wrong to also show that redress of the wrong will reward the harmed party." Reply Brief at 2. However, the rule in this circuit is that the injury be capable of redress by the remedy sought. See Bowker, 541 F.2d at 1349; Port of Astoria, 595 F.2d at 474.
 
 
 10
 The redress appellant seeks on appeal is described in its brief:
 
 
 11
 This court can, and should, take judicial notice of Portage Lake and the activity there and declare it navigable. If the court is unwilling to do so, the record should be reopened so that the facts necessary for such a determination can be developed.
 
 
 12
 ....
 
 
 13
 This Court should issue its own opinion on this controlling question of law and direct the lower court to conduct further proceedings necessary to the application of the law to the facts of the Portage Lake water body.
 
 
 14
 Appellant's Opening Brief at 9-10; 11.
 
 
 15
 A redetermination of the navigability of Portage Lake by the district court or by de novo review in this court will not redress appellant's injury. Even if Portage Lake were navigable, the record shows that the appellant's proposal would be unacceptable.
 
 
 16
 The appellant fails to meet the requirements for standing under the Administrative Procedure Act stated in Port of Astoria, 595 F.2d at 474. Because the standing issue is jurisdictional, we do not reach appellant's claim that the Forest Service's action was arbitrary and capricious. See Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37-38 (1975) (standing is a constitutional limitation of federal court jurisdiction to actual cases or controversies, and absent a showing of standing, an exercise of federal court power would be inconsistent with article III limitations).
 
 
 17
 Appellant's appeal is DISMISSED for lack of subject matter jurisdiction. We VACATE that portion of the district court's decision granting appellant standing to pursue the navigability claim. We REMAND and direct the district court to dismiss appellant's claims seeking review of the navigability determination.
 
 
 18
 ---------------
 
 
 
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.